[L. A. No. 4021. Department Two.—July 30, 1917.]

BURR CREAMERY COMPANY (a Corporation), Appellant, v. CITY OF LOS ANGELES et al., Defendants; LOS ANGELES CREAMERY COMPANY (a Corporation), Respondent.

EMINENT DOMAIN—LEASEHOLD INTEREST—RIGHT TO DAMAGES AWARDED ON STREET WIDENING.—An assignment of a lease does not carry with it the right to the damages awarded by an interlocutory judgment on the widening of a street, where at the time of the assignment the lease had expired and the premises were being held over from month to month.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

G. C. De Garmo, and Olin Wellborn, Jr., for Appellant.

Lloyd, Cheney & Geibel, for Respondent.

HENSHAW, J.—This is an action to recover the amount of an interlocutory judgment which awarded the Maple Grove Creamery some five thousand dollars as damages to its leasehold interest, occasioned by the widening of a street in Los Angeles at the instance of the city. Question having arisen as to the ownership of the fund, the city of Los Angeles paid it into court, and is here but a nominal defendant. The chronological events necessary for an understanding of the controversy are the following: The owner of the land, Fannie Rusk Smith, executed a five years' lease of the premises to the Maple Grove Creamery. The lease provided that at its expiration the property should be reappraised and the tenant, if it desired to continue its tenancy, should pay for rental seven per cent net of the value of the appraisement for the next term of five years. (This provision of the lease, it is admitted, was never enforced nor in any way put into effect.) The lease further provided that if the tenant should hold over its term with the consent, express or implied, of the landlord, "such holding shall be construed to be a tenancy only from

month to month.'' The defendant Los Angeles Creamery Company in 1906 bought out the Maple Grove Creamery, and while it did not formally take over the leasehold interest of the Maple Grove Creamery, it entered into possession of the premises and attorned by paying rent to Fannie Rusk Smith in accordance with the terms of the lease, which rent she accepted. The interlocutory judgment in the matter of the opening of Eighth Street, upon which this property fronted, awarded the Maple Grove Creamery $5,035.70 as damages to its leasehold interest. This judgment was docketed and entered January 3, 1910, and so far as the Maple Grove Creamery is concerned no contention arises but that the judgment is the property of the Los Angeles Creamery Company, to which it sold. The five years' term limited by this lease expired on December 15, 1910. The lease was never renewed and the Los Angeles Creamery Company thus continued as tenant from month to month. On February 6, 1911, it executed to E. Burr a bill of sale of ''all its right, title, and interest'' in the equipment and machinery contained in the Maple Grove Creamery plant ''and in and to the lease of said premises if in force.'' All these facts as above set forth were fully within the knowledge of E. Burr at the time he accepted this bill of sale. Thereafter he conveyed his rights to the plaintiff Burr Creamery Company, and the Burr Creamery Company made demand upon the officials of the city of Los Angeles for the payment of the award of damages. The city of Los Angeles then deposited the money in court and plaintiff brought this action.

Upon this appeal it states that the sole question is ''whether the assignment of the Fannie Rusk Smith lease by the Los Angeles Creamery Company to Burr carried with it the right to the award for damages.'' From no sustainable legal point of view can it be said that appellant's inquiry can be answered in the affirmative. We need consider but one aspect of the case. The issues have been sufficiently indicated. The court found ''that said lease by its terms ended December 15, 1910; that the properties described in said lease were never reappraised by either party thereto or anyone else, and that said lease was not renewed or extended; that after December 15, 1910, said Los Angeles Creamery Company did not use or occupy said premises under the terms or conditions of said lease, but its occupancy after said December 15, 1910,

was under and by virtue of a tenancy from month to month.'' These findings are upon decisive issues in the case. They stand ' unchallenged by appellant and they are conclusive against it on this appeal, without consideration of any of the other questions presented.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.